EMMANUEL LIMOGIANNIS, PLAINTIFF-APPELLANT, v.
CONSUMERS DISTRIBUTING COMPANY, LTD.,
DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted November 13, 1986—Decided December 8, 1986.

Before Judges KING, HAVEY and MUIR.

*Justin, Gast & Kuhn,* attorneys for appellant (*Michael A. Gast* on the brief).

*Stern, Steiger, Croland, Tanenbaum & Schielke,* attorneys for respondent (*Edward P. D'Alessio* on the brief; *Summit Rovins & Feldesman,* of counsel).

The opinion of the court was delivered by

MUIR, J.A.D.

Plaintiff appeals from a Law Division summary judgment dismissing his complaint on grounds the matter in dispute is required to be submitted to arbitration.

The facts are not in dispute. Defendant discharged plaintiff from its employ on September 6, 1984. Defendant at that time had a collective bargaining agreement with Local 560 of the International Brotherhood of Teamsters covering all its employees. The agreement provided for binding arbitration as a final step in all employee grievances. The Union filed for arbitration on the issue of plaintiff's discharge. Prior to the arbitration hearing, the parties settled. The settlement, in its pertinent aspects, provided:

(1) [Plaintiff] shall receive five hundred ($500) in full settlement of any and all claims against [Defendant] [;]

(2) [Defendant] will consider [plaintiff's] termination a resignation and [defendant] shall provide neutral recommendations to prospective employers[;]

(3) This agreement shall be deemed a general release between the parties.

On February 13, 1985, the Union filed a demand for arbitration on alleged failure of defendant to provide the neutral job references. The parties selected an arbitrator. Prior to hearing, the Union, at plaintiff's request, withdrew the arbitration demand.

Plaintiff then instituted this action relying on Section 301 of the Labor Management Relations Act of 1947, 29 *U.S.C.A.* § 185 (West 1978). Alleging breach of contract and infliction of emotional distress, plaintiff sought compensatory and punitive damages. He demanded a jury trial.

The trial judge concluded, on defendant's motion for summary judgment, that the settlement agreement flowed from the arbitrable dispute under the collective bargaining agreement and, as such, the resolution of any dispute under the settlement agreement had to be resolved in the arbitration forum.

The sole issue on this appeal is whether a prospective breach of the settlement agreement must be resolved by arbitration. We conclude that it must be, and affirm.

■ State courts have concurrent jurisdiction to resolve suits for violation of contracts between an employer and a labor union or one of its employees under § 301 of the Labor Management Relations Act. *See Smith v. Evening News Assoc.*, 371 *U.S.* 195, 200, 83 *S.Ct.* 267, 270, 9 *L.Ed.*2d 246, 251 (1962). State court jurisdiction, however, does not mean that all disputes arising under a labor agreement are resolvable by the courts.

■ When the labor compact designates arbitration as a means of resolving grievances, then the matter must be resolved through arbitration and not through the courts. *United Steelworkers v. American Mfg. Co.*, 363 *U.S.* 564, 566, 80 *S.Ct.* 1343, 1345–46, 4 *L.Ed.*2d 1403, 1406 (1960). The policy behind that principle is based upon § 203(d) of the Labor Management Relations Act, *id.*, which provides in part that "[f]inal adjustment by a method agreed upon by the parties is declared to be the desirable method for settlement of grievance disputes arising over the application or interpretation of an existing collective bargaining agreement ..." 29 *U.S.C.A.* § 173(d) (West 1978). Thus, it is the choice of forum selected by the parties that governs because

> Arbitration is the means of solving the unforeseeable by molding a system of private law for all the problems which may arise and to provide for their solution in a way which will generally accord with the variant needs and desires of the parties. [*United Steelworkers v. Warrior & G. Nav. Co.*, 363 *U.S.* 574, 581, 80 *S.Ct.* 1347, 1352, 4 *L.Ed.*2d 1409, 1416 (1960)].

Furthermore, arbitration functions in a way distinguishable and in contrast with the functioning of the court. *United Steelworkers v. Warrior & G. Nav. Co.*, 363 *U.S.* at 581, 80

*S.Ct.* at 1352, 4 *L.Ed.*2d at 1417. Thus, the parties choose to have the arbitrator's knowledge of and experience with the practice of the industry and the labor shop rather than a judge who in all probability does not have such knowledge and experience. *Id.*, 363 *U.S.* at 582, 80 *S.Ct.* at 1352–53, 4 *L.Ed.*2d at 1417.

■ Plaintiff argues, however, that defendant's alleged breach of the settlement agreement is a cause of action separate and distinct from the collective bargaining agreement with its chosen arbitration process and one cognizable in our courts. We disagree.

While settlement of arbitrable differences between parties to a collective bargaining agreement may be judicially enforceable in state courts, the settlement agreement must be sufficiently specific as to be capable of implementation without any factfinding. *See United Mine Wkrs., etc. v. Consolidation Coal Co.*, 666 *F.*2d 806, 810 (3rd Cir.1981).

To avoid preempting the factfinding functions which the parties have contractually assigned to the grievance machinery and arbitration, courts will not attempt to enforce a settlement agreement that is too vague or ambiguous in its meaning or effect. [*Id.*]

Here, the settlement agreement is ambiguous and consequently unenforceable by our courts.

The settlement agreement required that defendant "shall provide neutral recommendations to prospective employers." The phrase "neutral recommendation" is ambiguous. It is self-contradictory. Neutral suggests taking no position. Recommendation suggests taking a favorable position. If defendant were to be asked "Was Limogiannis a good worker?", what would be the proper answer to comport with the settlement requirements?

The determination of the meaning and intent of the recommendation clause will require factfinding. It will require the factfinder to analyze the negotiations of the parties and other matters to ascertain what the parties intended by the clause. It may involve analysis of the strengths of the respective parties'

positions relative to the initial grievance asserted. That will involve a basic understanding of the collective bargaining agreement. Furthermore, the phrase will have to be considered against the background of industry practice and related labor practices. All of this factfinding lies within the ken of an arbitrator. Even the ablest of juries could not provide an adequate substitute. Consequently, the matter of whether defendant breached the settlement agreement must be resolved by the parties' contractually chosen forum, arbitration.

Furthermore, since the settlement encompasses a release which does not explicitly free the parties from the terms of the collective bargaining compact, we conclude the parties did not intend to abandon the arbitration process for resolution of disputes. *L.O. Koven & Brother, Inc. v. Local U. No. 5767, United Steel.*, 381 *F.*2d 196, 205 (3d Cir.1967). The dispute under the settlement agreement is a sequela of the dispute under the collective bargaining agreement. In light of the failure of the parties to explicitly eradicate arbitration from resolution of disputes arising under the settlement agreement, we conclude the issue of whether defendant breached the settlement agreement must be resolved through arbitration.

Affirmed.