DONALD THOMPSON, PLAINTIFF-RESPONDENT, v. JOSEPH CORY WAREHOUSES, INC., DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 9, 1986—Decided February 18, 1987.

218

Before Judges PRESSLER, GAULKIN and ASHBEY.

*Donato J. Battista,* (argued the cause for appellant (*Cole & Cole,* attorneys).

*James W. Dougherty,* argued on behalf of respondent.

PER CURIAM.

On December 17, 1982, plaintiff, then an employee of defendant, was "suspended from employment pending review." The suspension was converted into a dismissal 10 days later. Pursuant to a collective bargaining agreement, the dismissal was submitted to arbitration. On April 14, 1983 the arbitrator determined that "just and sufficient cause" existed for plaintiff's discharge.

Plaintiff then filed the present action in the Law Division in which he alleged that defendant had "failed to continue [his] pay as required by Article VII" of the collective bargaining agreement, which provides that an employee's pay shall continue until the arbitrator's final decision unless the discharge is for being "caught ... in a dishonest act, or intoxicated on duty, or if absent without legitimate good cause for five (5) days or more in a ninety (90) day period...." That issue had not been presented or passed upon in the arbitration proceeding, and plaintiff did not pursue any further grievance after the arbitration decision.

On cross-motions for summary judgment, the Law Division judge held that plaintiff was contractually entitled to be paid to the date of the arbitrator's decision and that "the failure to submit that [issue] to the arbitration does not warrant dismissal of this complaint." He therefore entered judgment for plaintiff. Defendant appeals.

Although plaintiff's complaint did not refer to the Labor Management Relations Act (LMRA), 29 *U.S.C.* §§ 185 *et seq.,* his claim for relief based upon an alleged violation of his collective bargaining agreement could only be brought under LMRA § 301. *Allis-Chalmers Corp. v. Lueck,* 471 *U.S.* 202, 209, 105 *S.Ct.* 1904, 1910, 85 *L.Ed.*2d 206, 215 (1985). While the state court has jurisdiction of such a claim (*Smith v. Evening News Assoc.,* 371 *U.S.* 195, 200–201, 83 *S.Ct.* 267, 270, 9 *L.Ed.*2d 246 (1962)), it must apply federal substantive law in its resolution. *Allis-Chalmers Corp. v. Lueck, supra; Textile Workers*

*v. Lincoln Mills,* 353 *U.S.* 448, 456, 77 *S.Ct.* 912, 917, 1 *L.Ed.*2d 972 (1957).

The general rule is that an employee seeking to bring a contract grievance "must attempt use of the contract grievance procedure agreed upon by employer and union as the mode of redress." *Republic Steel Corp. v. Maddox,* 379 *U.S.* 650, 652–653, 85 *S.Ct.* 614, 616, 13 *L.Ed.*2d 580 (1965). Exceptions to this general rule exist where the union has breached its duty of fair representation, *Vaca v. Sipes,* 386 *U.S.* 171, 87 *S.Ct.* 903, 17 *L.Ed.*2d 842 (1967); where the grievance procedures have been repudiated, *ibid.;* where resort to the grievance and arbitration provisions would be futile, *Glover v. St. Louis-San Fran. R. Co.,* 393 *U.S.* 324, 89 *S.Ct.* 548, 21 *L.Ed.*2d 519 (1969); and where the parties to the collective bargaining agreement have expressly agreed that arbitration was not the exclusive remedy, *Republic Steel Corp. v. Maddox, supra,* 379 *U.S.* at 657–658, 85 *S.Ct.* at 618–619. See Annotation, "What circumstances justify employee's failure to exhaust remedies provided in collective bargaining agreement before bringing grievance suit against employer in federal court, under § 301 of the Labor Management Relations Act of 1947 (29 *U.S.C.A.* § 185)," 52 *A.L.R.Fed.* 591, 600–639 (1981).

■ The motion judge was not unaware of these strictures. He entertained plaintiff's complaint because he found that arbitration was not the exclusive remedy under the contract:

Although one must normally exhaust all contractual remedies before seeking relief from the courts, the collective bargaining agreement at issue states in Article Roman Numeral 12, that these remedies, and I put in brackets, submission of the dispute to binding arbitration, close brackets, are in addition to all other legal or equitable remedies of either of the parties hereto for any breach of this agreement.

We find that reading of the agreement to be mistaken.

Article XII A reads as follows:

In the event of a dispute between an employee and the EMPLOYER, the UNION and the EMPLOYER shall make every effort to adjust such dispute amicably and as speedily as possible. If, however, such attempt at adjustment shall fail, such dispute shall then be submitted to the Agency established by the

State of New York for the mediation or arbitration of such matters; and the decision of the Arbitrator in such proceedings, shall be binding upon the parties. There shall be no strike or lockout during the term of this Agreement, except that, if the EMPLOYER fails to abide by a decision of the Arbitrator, the UNION may strike, and if the employee or the UNION fail to abide by such decision, the EMPLOYER may lockout; and it is expressly agreed that these remedies are in addition to all other legal or equitable remedies of either of the parties hereto for any breach of this Agreement.

Stripped to its essentials, this paragraph directs (1) that any "dispute" between the union and the employer "shall ... be submitted ... for ... arbitration," (2) that the decision of the arbitrator "shall be binding upon the parties" and (3) that there shall be "no strike or lockout" unless one of the parties "fails to abide by a decision of the Arbitrator." Appended to the latter provision is the language relied upon by the motion judge that "these remedies are in addition to all other legal or equitable remedies...." In our view, that language simply authorizes remedies in addition to strike or lockout where one of the parties fails to abide by an arbitration decision. The motion judge's broader reading disregards the fact that the term "these remedies" appears in a sentence which deals only with strike or lockout as remedies for failing to honor an arbitration decision, not arbitration as a remedy for a contract dispute. More important, the motion judge's reading wholly nullifies the principal mandate of Article XII A that every dispute "shall ... be submitted ... for ... arbitration."

Plaintiff did not pursue his back pay claim through the grievance procedure nor did he present any facts sufficient to permit a deviation from that procedure. There was accordingly no basis for the entry of judgment in his favor. See *Vaca v. Sipes, supra,* 386 *U.S.* at 184, 87 *S.Ct.* at 913; *Republic Steel Corp. v. Maddox, supra,* 379 *U.S.* at 652–653, 85 *S.Ct.* at 616. In light of that determination, we need not address the further contentions advanced by defendant.

The summary judgment is reversed. The matter is remanded to the Law Division for the entry of judgment for defendant.