**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1436-23

CHAD ROSSY,

    Plaintiff-Appellant,

v.

MAYOR AND COUNCIL OF
THE TOWNSHIP OF MOUNT
OLIVE, MOUNT OLIVE POLICE
DEPARTMENT, and POLICE
CHIEF STEPHEN BEECHER,

    Defendants-Respondents.

_____

Argued December 9, 2024 – Decided April 22, 2025

Before Judges Gummer and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-1497-23.

George T. Daggett argued the cause for appellant.

William G. Johnson argued the cause for respondents (Johnson & Johnson, attorneys; William G. Johnson, on the brief).

PER CURIAM

Plaintiff Chad Rossy, a corporal in the Mount Olive Police Department ("MOPD"), appeals from a court order of January 15, 2024 granting defendants' motion to dismiss with prejudice his single count complaint alleging retaliatory denial of promotion to the position of sergeant. For reasons substantially consistent with the well-reasoned ruling of Judge Stephan C. Hansbury, we affirm.

I.

In September 2019, Mount Olive Township and the Fraternal Order of Police ("FOP") entered into a collective bargaining agreement ("CBA"). Included in the agreement was the procedure for resolving any grievances arising under the "interpretation or application of the [CBA's] terms and conditions." Briefly, the procedure requires an employee to present their grievance to the chief of police, and if dissatisfied with the chief's response, to the township's mayor. If dissatisfied with the mayor's response, a grievant may refer the matter to the Public Employment Relations Committee for binding arbitration. An existing Township ordinance pertaining to the MOPD provided that "[a]ny employee covered by a collectively negotiated agreement shall be required to bring grievances, as specified in that agreement, in accordance with the grievance procedure set forth therein." Mount Olive, N.J., Code § 68-13.

A-1436-23

As alleged in the complaint, in April 2020, defendant Police Chief Stephen Beecher issued a sergeant's promotional list extension for a one-year period, until May 13, 2021. On March 26, 2021, Chief Beecher extended the sergeant's list from May 13, 2021 to October 2, 2021, a period of approximately six months. One active sergeant retired effective October 1, 2021 and the position was filled, leaving plaintiff first on the list. However, on July 1, 2021, three months before expiration of the promotional process, Chief Beecher announced initiation of a new process effective October 3, 2021, having the effect of nullifying plaintiff's position as first on the list.

Written and oral interviews were administered for the remaining sergeant's position. At the completion of the process, plaintiff purportedly finished fourth and was not promoted. Plaintiff did not file a grievance over perceived manipulation of the promotional process. Instead, he filed suit in the Law Division, claiming he had been intentionally denied a promotion by Chief Beecher in retaliation for his activities as president of the FOP, an organization with which the Chief allegedly had had a history of confrontation. In the complaint's wherefore clause, plaintiff sought compensatory damages, attorney's fees, and "promotion to Sergeant."

In September 2023, plaintiff moved to enjoin defendants from promoting

A-1436-23

anyone to the position of sergeant during the pendency of his motion. Defendant's cross-moved for dismissal of plaintiff's complaint in lieu of an answer pursuant to Rule 4:6-2(e).

In an oral ruling issued December 22, 2023, reduced to written orders the same day, the motion court denied plaintiff's requested relief and granted defendants' motion to dismiss. First, the court found that plaintiff's request for injunctive relief was without merit as he was not facing irreparable harm. Crowe v. De Gioia, 90 N.J. 126, 133 (1982). The court also found plaintiff did not have a likelihood of success on the merits and that the balance of equities favored Mount Olive.

Concerning defendants' cross-motion, plaintiff argued he was not subject to the grievance procedure because his claim was based on a civil rights violation, consisting of his improper elimination from consideration caused by manipulation of the promotional process. Judge Hasbury granted defendants' application, citing Mount Olive, N.J., Code § 68-13, which reads: "Any employee covered by a collectively negotiated agreement shall be required to bring grievances as specified in that agreement in accordance with the grievance procedure set forth therein." The court continued, citing a portion of the grievance procedure contained in Article Eleven, Section A, subsection 1 of the

CBA: "A grievance is a claim by a police officer or the FOP arising out of the interpretation or application of the terms and conditions of this agreement, a claim of discrimination or violation of Department rules, regulations, or policy." The court found plaintiff should have followed the grievance procedure under the CBA and that "[h]e does not have the right to file an independent lawsuit because the rules under which he is directed require this to go through the grievance process."

On appeal, plaintiff contends the motion court erred in granting the motion to dismiss by failing to apply prevailing case law. Citing DiCristofaro v. Laurel Grove Men-L Park, 43 N.J. Super. 244, 252 (App. Div. 1957), plaintiff maintained the motion court failed to "search the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim" and grant "opportunity . . . to amend, if necessary." Plaintiff maintains his complaint rests not on a failure to promote but rather instead on an alleged section 1983 violation caused by defendants' manipulation of the promotion process, resulting in plaintiff being denied "the right to be considered as [number one] for the promotion." Plaintiff reiterates that because the gravamen of his complaint is constitutional in dimension, he was permitted to bypass the grievance process. Defendants urge affirmance,

maintaining the motion court was correct in concluding plaintiff was legally constrained to resolve his claim through the grievance process. In further support of that position, defendants cite the New Jersey Employer-Employee Relations Act (EERA), N.J.S.A. 34:13A–1 to –21, which governs resolution of the underlying dispute concerning public employees operating under a CBA.

## II.

"Rule 4:6-2(e) motions to dismiss for failure to state a claim upon which relief can be granted are reviewed de novo." Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021). In considering a Rule 4:6-2(e) decision, "[a] reviewing court must examine 'the legal sufficiency of the facts alleged on the face of the complaint,' giving the plaintiff the benefit of 'every reasonable inference of fact.'" Id. (quoting Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, PC, 237 N.J. 91, 108 (2019)). And because the motion court's decision here consists of interpretation and construction of a contract as a matter of law, that aspect of our review is also de novo. Kaur v. Assured Lending Corp., 405 N.J. Super. 468, 474 (App. Div. 2009).

The EERA provides that "[g]rievance and disciplinary review procedures established by agreement between the public employer and the representative organization shall be utilized for any dispute covered by the terms of such

6

agreement." N.J.S.A. 34:13A–5.3. Thus, when a collective negotiation agreement designates a grievance procedure as a means of resolving disputes and the dispute at issue is covered by that procedure, "the matter must be resolved through [the specified procedure] and not through the courts." Limogiannis v. Consumers Distrib. Co., 215 N.J. Super. 50, 52 (App. Div. 1986).

Plaintiff's argument that "[t]his is not a case to be resolved according to the rules and regulations dealing with failure to promote" is without merit. Under the clear and unambiguous terms of the CBA, the parties agreed to resolve any issue related to the "interpretation or application of the terms and conditions of this [a]greement" or any "claim of [] violation of [d]epartment rules, regulations or policy" through the grievance procedure. When a contract's terms are "clear and unambiguous[,] there is no room for interpretation or construction," and, therefore, courts "must enforce the terms as written." Karl's Sales & Serv., Inc. v. Gimbel Bros., 249 N.J. Super. 487, 493 (App. Div. 1991). "The general rule is that an employee seeking to bring a contract grievance 'must attempt use of the contract grievance procedure agreed upon by employer and union as the mode of redress.'" Thompson v. Joseph Cory Warehouses, Inc., 215 N.J. Super. 217, 220 (App. Div. 1987) (quoting Republic Steel Corp. v.

7

Maddox, 379 U.S. 650, 652-53 (1965)).

Article Twelve of the CBA sets forth a procedure for the promotions process and authorizes the chief of police to adopt specific criteria for promotion and make recommendations to the appropriate authority. Accordingly, we conclude that plaintiff's dispute arising out of the "application" of the promotion process falls squarely within the ambit of the grievance procedure.

We also reject plaintiff's argument that the motion court erred by failing to search the complaint sufficiently for a cause of action. The existence of a cause of action is secondary to the determination of the appropriate tribunal for the resolution of the dispute. Robertelli v. N.J. Off. of Atty. Ethics, 224 N.J. 470, 482 (2016) (quoting Gilbert v. Gladden, 87 N.J. 275, 280–81 (1981)) (holding that when a court lacks jurisdiction over a matter, its authority to consider the substance of the claim is "wholly and immediately foreclosed"). Plaintiff's complaint pertaining to the promotion process is encompassed within terms of the CBA and resolvable solely by the grievance process it contains. Article Thirteen of the CBA is captioned "PROMOTIONS" and concerns the procedure to be followed for "[p]romotions to the ranks of [s]ergeant, [l]ieutenant[,] or [c]aptain." As such, the motion court appropriately declined to determine whether a cause of action existed in the Superior Court and

8

dismissed the case with prejudice. See Big Smoke LLC v. Twp of West Milford, 478 N.J. Super. 203, 226 (2024) (holding that dismissal with prejudice is mandated when the facts are insufficient to support a claim and when discovery will not reveal a successful claim).

Finally, we note that the question of plaintiff's eligibility for promotion is not of constitutional magnitude. Our jurisprudence has long recognized that a municipal employee who "was neither discharged nor suffered a reduction in pay, and his rank and status within the civil service hierarchy were unaffected by defendant's actions" does not suffer a deprivation of a property interest for due process purposes. Ferraro v. City of Long Branch, 314 N.J. Super. 268, 283-84 (App. Div. 1998).

In reviewing the record de novo, we conclude the motion court did not err in granting defendants' motion to dismiss plaintiff's complaint with prejudice.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

A-1436-23