**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1243-24

MICHELLE JONES, Individually
and on Behalf of Others
Similarly Situated Individuals,

    Plaintiff-Appellant,

v.

COMPLETE CARE AT
COURT HOUSE, LLC,

    Defendant-Respondent.

_____

Submitted November 6, 2025 – Decided April 27, 2026

Before Judges Berdote Byrne and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-1151-24.

Costello & Silverman, LLC, attorneys for appellant (Miriam S. Edelstein, of counsel and on the brief).

Gordon Rees Scully Mansukhani LLP, attorneys for respondent (Melissa J. Brown, Jonathan R. Stuckel, and Peyton M. Miller, on the brief).

PER CURIAM

Plaintiff Michelle Jones appeals from the Law Division's November 22, 2024, order dismissing plaintiff's class action suit seeking wages under the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1 to -15. In reviewing the record de novo, we conclude the motion court did not err in granting defendant Complete Care at Court House, LLC's motion to dismiss. Therefore, we affirm.

## I.

In June 2024, plaintiff, a Certified Nursing Assistant ("CNA"), filed a putative class action complaint alleging that defendant violated the NJWPL by deducting thirty minutes of pay for lunch breaks that she and other CNAs were unable to take due to understaffing. Plaintiff asserts that she and other hourly employees were scheduled for these breaks but were often unable to take them because of their workloads. Nevertheless, defendant deducted thirty minutes from their paychecks.

The collective bargaining agreement ("CBA") between defendant and Amalgamated Local 1931, Eastern States Joint Board ("the Union") governed terms, wages, hours of work, and dispute resolution procedures for specific job titles, including CNAs. The CBA recognizes the Union as the sole and exclusive bargaining agent regarding rates of pay, wages, hours of work, and

2

other conditions of employment for all full-time service employees. Article V establishes standards for the work week and break periods: "The normal work day shall consist of eight hours . . . [and] the normal work week shall consist of forty hours," with full-time employees entitled to "one-half hour unpaid lunch period." Article V also provides that "the Employer shall schedule the employee's luncheon period" and reserves to the employer the right to establish and modify shifts as necessary for facility operations.

Article XVII of the CBA outlines the grievance procedure for disputes "arising out of interpretation, construction, or application of any provision of the [CBA]." Employees wishing to grieve any action relating to wages, discipline, or working conditions are required to do so in writing. If the grievance involves multiple employees, it must begin with a union representative, the shop steward, the impacted employee, and the employer's representative—all who must meet to address the grievance. The employer is required to issue a decision within four working days. If the grievance remains unresolved, either the Union or the employer may submit the matter to binding arbitration within ten working days.

In pursuing her rights under the CBA, plaintiff did not follow this procedure. Rather, she sought relief directly in the Superior Court.

Consequently, defendant moved to dismiss the complaint under Rule 4:6-2(e), arguing plaintiff failed to exhaust the administrative remedies set forth in the CBA and her claim was preempted by federal law. The trial court granted the motion, finding that the claims implicated Article V of the CBA, which relates to breaks and employee scheduling. The court determined that "[a]ny determination as to [defendant]'s staffing practices or break policies and whether they violated [ ] plaintiff's rights . . . require[s] analyzing the scope of the employer's rights and obligations under . . . the CBA." The court concluded that plaintiff's claims were subject to the CBA's exclusive grievance and arbitration provisions and were also preempted by the Labor Management Relations Act, 29 U.S.C. § 185.

This appeal followed.

## II.

We review Rule 4:6-2(e) motions to dismiss for failure to state a claim upon which relief can be granted de novo. Baskin v. P.C. Richard & Sons, LLC, 246 N.J. 157, 171 (2021). In considering a Rule 4:6-2(e) decision, we must examine "'the legal sufficiency of the facts alleged on the face of the complaint,' giving the plaintiff the benefit of 'every reasonable inference of fact.'" Ibid. (quoting Dimitrakopoulos v. Borrus, Golding, Foley, Vigmuolo,

4

A-1243-24

Hyman & Stahl, P.C., 237 N.J. 91, 107 (2019)).  Additionally, because the motion court's decision consists of interpretation and construction of a contract as a matter of law, that aspect of our review is also de novo.  Kaur v. Assured Lending Corp., 405 N.J. Super. 468, 474 (App. Div. 2009).

We conclude, as the motion judge did, plaintiff's complaint was properly dismissed.  We "'search[] the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim,'" and give plaintiff an opportunity to amend if necessary.  Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (quoting DiCristofaro v. Laurel Grove Mem'l Park, 43 N.J. Super. 244, 252 (App. Div. 1957)).

Plaintiff points to no compelling reason in law nor in equity that would allow her to seek relief under the NJWPL and subvert the well-established doctrine of the exhaustion of remedies.  Because plaintiff cannot amend her complaint "to articulate a legal basis entitling [her] to relief," it should remain dismissed with prejudice.  Sickles v. Cabot Corp., 379 N.J. Super. 100, 106 (App. Div. 2005).

It is well-settled that "an employee seeking to bring a contract grievance 'must attempt [the] use of the contract grievance procedure agreed upon by

[the] employer and union as the mode of redress.'" Thompson v. Joseph Cory Warehouses, 215 N.J. Super. 217, 220 (App. Div. 1987) (quoting Republic Steel Corp. v. Maddox, 379 U.S. 650, 652-53 (1965)).

According to the language of the CBA, the parties agreed to resolve any issue "arising out of the interpretation, construction, or application of any provision of the" CBA as well as "disputes relating to 'terms and conditions of employment'" through the grievance and arbitration procedures outlined in Article XVII. Article I of the CBA designates the Union as the "sole and exclusive bargaining agent with respect to rates of pay, hours of work, and other conditions of employment for all full-time service employees," including plaintiff. Article V establishes work schedules and carves out time for a designated break or a "one-half hour lunch period" that may be scheduled at the employer's discretion. Accordingly, we conclude plaintiff's dispute falls squarely within the ambit of the grievance procedure. Similarly, we are persuaded by defendant's observation that "[p]ermitting [plaintiff] to litigate these claims in court despite the existence of a controlling CBA [erodes] the collective bargaining process and contravene[s] long-standing public policy favoring arbitration and internal resolution of labor disputes."

We also reject plaintiff's argument that the motion court erred by failing to search the complaint sufficiently for a cause of action. The existence of a cause of action is secondary to the determination of the dispute. Robertelli v. N.J. Off. of Att'y Ethics, 224 N.J. 240, 482 (2016) (quoting Gilbert v. Gladden, 87 N.J. 275, 280-81 (1981)). Plaintiff's complaint pertaining to the wages question is encompassed within the terms of the CBA and resolvable solely by the grievance process it contains. The motion court appropriately declined to determine whether a cause of action existed in the Superior Court and dismissed the case with prejudice. See Big Smoke LLC v. Twp. of W. Milford, 478 N.J. Super. 203, 226 (App. Div. 2024) (holding that dismissal with prejudice is mandated when the facts are insufficient to support a claim and when discovery will not reveal a successful claim.).

To the extent we have not expressly or impliedly addressed any of arguments posed in this appeal, it is because we find them to have insufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

7

A-1243-24